CROSBY v. FLOETE, TREASURER, ETC.

1. **Tax:** REBATE AFTER PAYMENT, UNDER CODE, § 800: AUTHORITY OF TREASURER TO REFUND.  Where the board of supervisors rebates a tax for any of the reasons named in § 800 of the Code, and the tax has been paid when such rebate is made, the county treasurer has no authority to refund such tax without an order to that effect from the board of supervisors.  Whether a warrant from the auditor would not also be necessary, *quaere*.

*Appeal from Clayton District Court.*

WEDNESDAY, DECEMBER 10.

THIS is an action to compel the defendant, who is county treasurer, to repay to plaintiff certain taxes, which it is alleged he was authorized to repay by an order of the board of supervisors.  A demurrer to the petition was sustained, and plaintiff appeals.

*James O. Crosby*, for himself.

*John Larkin*, for appellee.

ROTHROCK, CH. J.—The amount in controversy is less than $100, and the cause comes to us upon the following certificate of the trial judge: "In a case under section 800 of the Code, when the board of supervisors order the rebatement of part of a tax, if such tax had been paid at the time such order of rebatement was made, is it necessary, in order to authorize and require the county treasurer to repay the amount so rebated, that the board of supervisors should make a further order directing the treasurer to refund the same?" Section 800 of the Code is as follows: "The board of supervisors shall have power to rebate, in whole or in part, the taxes of any person whose building, crops, stock, or other property has been destroyed by fire, tornado, or other unavoidable casualty, if said property shall not have been sold for taxes, or if said taxes have not been in default for thirty days at the time of the destruction. * * * "

This section, as we understand it, applies more particularly to the rebate, reduction, or discount of an existing tax, than the refunding or paying back of taxes which have been paid by the tax-payer. Where a tax-payer appears before the board of supervisors and shows that his taxes should be reduced or rebated under this section of the statute, and the board of supervisors order the rebatement, there is nothing to be done by the treasurer but to make a proper correction on his tax books and collect the balance of the tax. But, where a tax-payer makes his application under this statute after he has paid his taxes, we think the treasurer may well refuse to pay money out of the treasury, without an order of the board directing him to do so. He may at least require such an order, and it is doubtful whether he would be authorized in making payment without a warrant from the auditor. The rule is that money is not to be paid from the treasury without an order or warrant, and we find noth-

ing in any of the statutes cited by counsel which would authorize the holding that the refunding of taxes should be excepted from this rule. It is true, the law authorizes the treasurer to make payment of state funds, school funds, etc., without the order of the board; but we find no provisions of the statute authorizing the treasurer to refund a tax already paid without an express order of the board.

The ruling we make is in accord with the ruling of the learned district judge, and the judgment is

AFFIRMED.